**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TIMOTHY DAHL,**

                **Plaintiff,**　　　　　　5:12-cv-302
　　　　　　　　　　　　　　　　　　　　(GLS/ESH)
                v.

**COMMISSIONER OF SOCIAL
SECURITY,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Law Offices of Kenneth Hiller, PLLC | STEVEN R. DOLSON, ESQ. |
| 6000 North Bailey Avenue - Suite 1A | KENNETH R. HILLER, ESQ. |
| Amherst, NY 14226 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | MARIA P. FRAGASSI |
| United States Attorney | SANTANGELO |
| 100 South Clinton Street | SUSAN J. REISS |
| Syracuse, NY 13261 | Special Assistant U.S. Attorneys |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Timothy Dahl challenges defendant Commissioner of Social Security's denial of social security disability insurance benefits (DIB), seeking review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) In a Report-Recommendation (R&R) filed August 1, 2013, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed and Dahl's complaint dismissed. (Dkt. No. 19.)[1] Pending are Dahl's objections to the R&R. (Dkt. No. 20.) For the reasons that follow, the court adopts the R&R in its entirety.

### II. Background[2]

On March 17, 2010, Dahl filed an application for DIB under the Social Security Act. (Tr.[3] at 80, 150-56.) After his application was denied, Dahl requested a hearing before an Administrative Law Judge (ALJ), which was

---

[1] The Clerk is directed to append the R&R to this decision; familiarity therewith is presumed.

[2] The court incorporates the factual recitations of the parties and Judge Hines. (Dkt. No. 10 at 2; Dkt. No. 16 at 2-10; R&R at 2-3.)

[3] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

held on May 17, 2011.  (*Id.* at 50-79, 87-91.)  On May 26, 2011, the ALJ issued a decision denying the requested relief, (*id.* at 9, 29), which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review, (*id.* at 1-6).

Dahl commenced the present action by filing a complaint on February 21, 2012, seeking judicial review of the Commissioner's determination.  (Compl.)  After receiving the parties' briefs, Judge Hines issued an R&R recommending dismissal of Dahl's complaint.  (*See generally* R&R.)

## III.  Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18.  Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge.  If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an

objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. <u>Discussion</u>

Dahl purports to object to the R&R on three grounds.[4] (Dkt. No. 20, Attach. 1 at 1-6.) First, he asserts that the court should reject Judge Hines' recommendation that the ALJ's residual functional capacity determination was properly supported by substantial evidence, because the ALJ erred by failing to take into account Dahl's use of a cane. (*Id.* at 1-3.) Second, Dahl asserts that the court should reject Judge Hines' recommendation that the

---

[4] In his objections, Dahl also "incorporates" by reference the arguments made in prior submissions. (Dkt. No. 20, Attach. 1 at 1.) However, "[t]he incorporation by reference of arguments previously presented to the magistrate judge does not constitute a specific objection triggering *de novo* review." *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008) (citing *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) ("If no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error."))

4

ALJ's residual functional capacity determination was properly supported by substantial evidence, because the ALJ failed to assess the effects of Dahl's lack of a sense of balance. (*Id.* at 3-4.) Lastly, Dahl objects to Judge Hines' finding that the ALJ did not err in determining his credibility. (*Id.* at 4-6.) The substance of these arguments, however, was previously raised in Dahl's brief and considered and rejected by Judge Hines. (*Compare* Dkt. No. 10 at 3-8, *with* R&R at 6-9, 10-12, 12-21.) Dahl's "objections," therefore, are general and do not warrant *de novo* review. *See Gusky v. Astrue*, No. 10-CV-00919MAT, 2013 WL 3776257, at *3 (W.D.N.Y. July 2, 2013) ("[W]hen the objections simply reiterate previous arguments . . . the Court should review the report for clear error."); *Almonte*, 2006 WL 149049, at *4. The court, having carefully reviewed the record, finds no clear error in the R&R and accepts and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' August 1, 2013 Report-Recommendation (Dkt. No. 19) is **ADOPTED** in its entirety; and it is further

5

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Dahl's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 1, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court